## Richardson *versus* Clements.

1. The rule that the language making an exception or reservation in a deed is to be construed most favorably to the grantee, only applies where the language is doubtful, and does not obtain where the language is sufficiently clear to define the character and extent of the exception or reservation.

2. The properties of plaintiff and defendant were originally owned by H. and used as one property. During his ownership he supplied the buildings with water by forcing it through pipes with a hydraulic ram. H. sold the property to B., who used a wheel as the power to force the water to the buildings. B. sold a portion of the tract to M., under whom plaintiff held title, and retained the balance with the buildings, which became vested in defendant. In the deed from B. to M. was this reservation, " subject to the right and use by the said B., his heirs and assigns, of a supply of spring water by means of a hydraulic ram, wheel or other process of forcing water," so that a supply of water may at all times be had. The defendant entered upon the land of plaintiff to erect a windmill in place of the wheel as the power to force the water. *Held* (affirming the court below), that he had the right to do so.

3. The language used in the deed indicated no intention to deny the use of such improved process as science might discover or mechanical ingenuity invent; and a windmill was not outside of the " other process" reserved.

March 24th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas of *Montgomery county:* Of January Term 1878, No. 24.

Amicable action of trespass *quare clausum fregit*, wherein Charles Richardson was plaintiff and Samuel Clements defendant.

A case was stated for the opinion of the court below, the substance of which is set forth in the opinion of this court.

*Pancoast*, for plaintiff in error.—The clause in the deed is a reservation or exception, and must be construed most strongly against the grantor and most favorably to the grantee : Whitaker *v.* Brown, 10 Wright 199 ; Trout *v.* McDonald, 2 Norris 144 ; Buller *v.* Denning, 5 B. & C. 842 ; Danner *v.* Spurrier, 3 Bos. & Pul. 399 ; Barnes *v.* Burt, 38 Conn. 541.

When, in pursuance of a grant or reservation of a right to an easement, such easement has been located and defined, the right is exhausted, and the owner of the dominant tenement cannot make a material change in the location or character of the easement: Galloway *v.* Wildner, 26 Mich. 97 ; Fitzhugh *v.* Raymond, 49 Barb. 646 ; Hull *v.* Fuller, 4 Vermont 199 ; Washburne on Easements, sect. 3, pl. 22 ; Moorhead et al. *v.* Snyder, 7 Casey 514.

The words " or other process," immediately following the words " hydraulic ram, wheel," are to be construed as referring to things of the same kind as those particular words, that is, a process of

which water should be the motive power. No process in which wind, steam, or any motive power other than water was intended or thought of by either of the parties to the deed. Where general words follow particular words, the rule is to construe the former as applicable to the things or persons particularly mentioned : Sedgwick on Statutes 423 ; Sandiman *v.* Breach, 7 B. & C. 96, 14 E. C. L. Rep. 22 ; Rawlings *v.* Jennings, 13 Ves. 39 ; Cavendish *v.* Cavendish, 1 Br. Ch. R. 467 ; Ingill *v.* Nooney, 2 Pick. 365 ; Bellany *v.* Bellany, 6 Florida 62.

*C. H. Stinson*, for defendant in error.—When property is granted, all that is necessary for the enjoyment of the grant is impliedly granted as incident to the express grant. And the same rule of construction applies to an exception in a grant : Allen *v.* Scott, 21 Pick. 25.

It is not alleged that any change is made in the substance of the thing itself, but it relates only to the means of obtaining it. If wind can be used as a power, and used for forcing water (which is not doubted), doing no injury to the plaintiff (which is not pretended), is it not clearly an " other process of forcing water."

The reservation of the right to a supply of water by " other process of forcing," implied the right to introduce any new or improved method to obtain that supply : French *v.* Morris, 101 Mass. 68 ; Bishop *v.* North, 11 M. & W. 418 ; Attorney-General *v.* Cambridge Gas Co., 6 Eq. Cases 304 ; Daud *v.* Kingscote, 6 M. & W. 174 ; Stevenson *v.* Wiggin, 56 N. H. 308 ; Trout *v.* McDonald, *supra ;* Hart *v.* Hill, 1 Whart. 124 ; Cress*v.* Varney, 5 Harris 496.

Mr. Justice MERCUR delivered the opinion of the court, May 7th 1879.

This is a case stated. The parties own adjoining lands. Both properties were formerly owned by a Mr. Hallowell. While thus the owner of the whole he put in a hydraulic ram, on that portion of the land now owned by plaintiff, and thereby supplied with spring water his mansion-house on the land now owned by the defendant. He conveyed the whole property to Mrs. Butler. She continued for some time, to use the hydraulic ram to force the water to her house ; but afterwards substituted a water-wheel in place of the ram. While thus procuring the water by means of the wheel, she conveyed about twenty acres of the land to one McNulty, from whom plaintiff acquired title. On the part conveyed was situated the farm-house, spring-house, poultry-house, and a large barn. She retained about seventeen acres, on which was the mansion-house, stone barn, stables, gardener's house and green-house. The deed which she executed to McNulty, contains the following clause, " subject nevertheless to the right and use by the said Gabriella M. Butler, her heirs and assigns, of a supply of spring water, by means

[Richardson v. Clements.]

of a hydraulic ram, wheel, or other process of forcing water to the said Gabriella M. Butler's premises ; together with the free ingress, egress, and regress, to and from a certain pond, on the premises hereby conveyed, for the purpose of keeping up the same, and making all necessary repairs thereon, so that a supply of water may at all times be had ; and of taking ice therefrom when it first freezes of sufficient thickness suitable for filling the ice-house on the premises of said Gabriella M. Butler, her heirs and assigns." After her sale Mrs. Butler continued to use the water-wheel until she conveyed to the defendant. He has continued to procure the water by the same process. He has established on the premises " a family or private boarding school." Now he has entered on the premises of the plaintiff with workmen " to remove the water-wheel, and in place of it, and on the site thereof, to build and erect a wind-mill, with which, using wind as a motive power, he would supply his premises with water from the plaintiff's premises."

The question is whether, under the reservation in the deed, the defendant can enter on the premises of the plaintiff for the purpose mentioned and substitute a wind-mill in place of the water-wheel. The court below was of the opinion, the defendant had that right, and entered judgment in his favor on the case stated.

It may be conceded, when the language making an exception or reservation in a deed, is doubtful, it should be construed more favorably to the grantee. It is only when it is doubtful, that this rule can be applied. It has no place when the language is sufficiently clear to define the character and extent of the exception or reservation. How is it in the present case ?

An agreement is the assent of two minds to the same thing. It should be construed in the light of existing facts and circumstances under which the parties entered into it. It should be so interpreted as to effect the objects in respect to which the parties proposed to contract. What then were the circumstances when this contract was executed ? The main object to be secured and protected, was a supply of water. It was essentially necessary for a proper enjoyment of the premises which she retained. While she owned the whole property she had put in and used such forcing power as she saw proper. The hydraulic ram had proved unsatisfactory to her, and she had substituted a water-wheel. She was uncertain whether that would continue satisfactory. She was unwilling to limit the exercise of her right to the use of the wheel ; nor if she changed it, did she wish to be compelled to return to the ram. She desired to be untrammelled as to any precise process in forcing the water. She was unable or unwilling to name all the different mechanical powers by which she might obtain the water. With all these objects in view, the conveyance declares that it is subject " to the right and use of Mrs. Butler, her heirs and assigns of a supply of spring water." The method of procuring it may be

[Richardson *v.* Clements.]

" by means of a hydraulic ram, wheel, or other process, of forcing water." The primary and ultimate end of the reservation, is stated nearer the closing part of the contract in these words " so that a supply of water may at all times be had." To secure this .end, not only either of the methods already tried might be employed, but also " other process of forcing water." A perpetual supply of water was to be reserved. The language used indicates no intention to deny the use of such improved process as science may discover or mechanical ingenuity invent for forcing water. It may not be an injurious or offensive process not contemplated in the reservation. The windmill is not averred to be either the one or the other ; nor that it works any substantial injury to the plaintiff, either by occuying a larger quantity of land, or by taking an increased volume of water. The question is simply, whether a windmill is itself outside of the " other process " reserved ? We think it is not. The learned judge was correct in entering judgment in favor of the defendant.

Judgment affirmed.

WOODWARD, J., dissented.