## Philadelphia to use *v.* Peters, Appellant.

*Sewers—Road law—Dedication of street—Deed—Reservation.*

Where a deed excepts and reserves the soil of the moiety of a street plotted upon the municipal plan, and further recites that the grantor had " by a certain deed poll bearing even date herewith, but duly executed and acknowledged immediately before these presents, and intended to be forthwith recorded, dedicated and appropriated the same to public use as a highway forever," and the grantee goes into possession and his successors grade the street and throw it open to public use as a highway, the street becomes a public highway, and if a sewer is laid in it, owners of abutting properties cannot allege that the sewer was laid through private property.

Argued Oct. 7, 1901.    Appeal, No. 14, Oct. T., 1901, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1896, No. 163, M. L. D., on verdict for plaintiff in case of Philadelphia to use of John Donnelly and Frederick T. Buckius trading as John Donnelly & Company, v. Estate of Margaret A. Peters, Deceased.    Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.

Scire facias sur municipal lien.

The verdict of the jury was for the plaintiffs by direction of the court, reserving the following point:

Does the deed of dedication, as recited in the conveyance of Peters to Barber, taken in conjunction with all the evidence, · estop the defendants from asserting that the portion of the bed of Dyre street, which defendant's witnesses testify they occupied and used to the exclusion of · the public, was not a public highway, or, in other words, was there such evidence that Dyre street was a public highway as precluded the defendants from denying this fact?

The court entered judgment for plaintiff on the verdict. Defendant appealed.

*Error assigned* was in entering judgment on the verdict.

*E. O. Michener,* for appellant.—In actions not founded on the instrument but wholly collateral to it, the recitals in it are merely prima facie evidence of the facts recited.   Only parties to an instrument can take advantage of the recitals contained therein : Sunderlin v. Struthers, 47 Pa. 411; Whitehill v. Gotwalt, 3 P. & W. 313.

It is essential to the validity of a dedication that it should be made by the owner of the fee, that it should be for the use of the public, and that it should be accepted by the public either by use for the purposes for which it was dedicated or by acts of the proper public authorities: Cincinnati v. White, 6 Peters (U. S.), 431; Riddle v. Ash, 2 Ashmead, 211; In re Pittsburg Alley, 104 Pa. 622 ; Penna. R. R. Co. v. Greensburg, etc., Street Ry. Co., 176 Pa. 559 ; Rung v. Shoneberger, 2 Watts, 23 ; John Mouat Lumber Co. v. Denver, 21 Colo. 1; Clements v. West Troy, 10 How. Pr. 199; Lakeview v. LeBahn, 120 Ill. 98 ; People v. Kellogg, 67 Hun, 546 ; Mason City Salt & Mining Co. v. Mason, 23 W. Va. 211 ; Tate v. Sacramento, 50 Cal. 242.

*M. J. O' Callaghan,*for appellee.—At common law, dedication is essentially of the nature of a gift and enures to the benefit of the public as a grant.   It differs from a grant, however, in that no grantee in esse is necessary to its validity.

Acceptance by the grantee need not be affirmatively shown :

Mitchell v. Ryan, 3 Ohio St. 386 ; Stephens v. Rinehart, 72 Pa. 434 ; Meier v. Portland Cable Ry. Co., 16 Ore. 500 ; Marion v. Skillman, 127 Ind. 130 ; Clark v. McCormick, 174 Ill. 164 ; Higgins v. Borough of Sharon, 5 Pa. Superior Ct. 92 ; Quicksall v. Philadelphia, 177 Pa. 301 ; Philadelphia v. Thomas, 152 Pa. 494.

Defendants were estopped by the recital in the deed ; Harrison County v. Seal, 66 Miss. 129 ; Rusk v. Berlin, 173 Ill. 634 ; McCullough v. Cumberland Valley R. R. Co., 186 Pa. 112 ; Mitchell on Real Estate, 429 ; Penn v. Preston, 2 Rawle, 14 ; Tryon v. Munson, 77 Pa. 258.

OPINION BY W. D. PORTER, J., November 11, 1901 :

This is a scire facias upon a municipal lien for laying a sewer in Dyer street, in front of the property of the defendants. At the trial in the court below the defense was based entirely upon the allegation that the sewer was laid through private property and not in a public highway. The court instructed the jury to find for the plaintiffs, reserving the following question : " Does the deed of dedication, as recited in the conveyance of Peters to Barber, taken in conjunction with all the evidence, estop the defendants from asserting that the portion of the bed of Dyer street, which defendants' witnesses testify they occupied and used to the exclusion of the public, was not a public highway, or, in other words, was there such evidence that Dyer street was a public highway as precluded the defendants from denying this fact ? " The form of this reservation was not excepted to and the parties have not in this court objected to the reservation upon the ground of informality, but have argued the case, and no doubt desire it to be disposed of, as if the question had been reserved in form, " under the undisputed facts was Dyer street. through which the sewer was laid, a public highway." The learned court below entered judgment in favor of the plaintiffs from which action we have this appeal.

Dyer street had been plotted upon the borough plan of Frankford and on November 15, 1847, the plan having been duly advertised was approved by the court of quarter sessions of Philadelphia county, and is of record in the survey bureau of the city of Philadelphia. It was also confirmed on the city plan June 11, 1860. Emanuel Peters, being the owner of a large

tract of land over which Dyer street, together with other plotted streets, had been located, by deed dated January 1, 1856, conveyed to George C. Barber a part of said tract extending southerly from the middle line of Dyer street as laid out on the plan of survey of the borough of Frankford, and including within its boundaries parts of Franklin street and Penn street upon said plan. That deed contained this clause, viz: "Excepting and reserving, notwithstanding, the soil of the southermost moiety of Dyer street, 40 feet wide, and the soil of Franklin street and Penn street which have been increased to the width of 60 feet each, as the same respectively run through the hereby granted premises, the said Emanuel Peters having by a certain deed poll bearing even date herewith but duly executed and acknowledged immediately before these presents, and intended to be forthwith recorded, dedicated and appropriated the same to public use as highways forever." Emanuel Peters continued in the ownership and possession of the land north of the middle of Dyer street, and at the time of the improvement in question the defendants were in possession of said land having succeeded to his title. The fence which at the time of the construction of this sewer marked the southern line of the lands, the possession of which had continued in Emanuel Peters and those who succeeded to his title, ran practically along the middle of Dyer street, as plotted upon the city plan, from Franklin street to Penn street. The defendants and those under whom they claimed had maintained exclusive possession of the north half of that part of Dyer street in question, in connection with their adjoining lands from 1856 down to the time this improvement was made. The land south of the middle of Dyer street, including the southerly half of the street, between Franklin street and Penn street had from 1856 been in the possession of George C. Barber and those who claimed under him. Barber and his grantees had for a period which is not clearly established by the evidence kept the land enclosed and used it for their own purposes, but for many years prior to 1891 all fences south of that which the defendants maintained along the middle line of Dyer street had disappeared and the land was used, by any persons who desired to so use it, for the purposes to which open city lots are usually devoted. Franklin street and Penn street having been graded by the city the natural surface of the ground

over which Dyer street ran was left slightly above grade at the intersection with Penn street and at the intersection of Franklin street was five or six feet above grade, so that it would not have been possible to drive from the latter street onto the southerly half of Dyer street. In 1892 the owners of the land south of the middle of Dyer street partially graded down the southern half of that street at its intersection with Franklin street, so that access for wagons to the southerly half of the street through from Franklin street to Penn street became possible, but the use of the southerly half of the street did not at once become well defined, and persons traveling between Franklin street and Penn street would enter or leave Franklin street at the intersection of that street with the southerly half of Dyer street but from that point the line of travel shifted back and forth between the southerly half of Dyer street and the open lots to the south thereof. Some time prior to the year 1895 the owners of the land on the south side of Dyer street graded the southerly half of the street, through from Franklin street to Penn street, to a grade which was practically that established by the municipal authority. From the time of said grading the southerly half of the street, within well defined lines, was by the public used as a highway from Franklin street to Penn street and has continued to be so used. After the southerly half of Dyer street had been so used by the public as a highway for a considerable period of time, the sewer in question was laid by the city within the limits of said southerly half of the street, but down to that time and for some time afterwards the northerly half of the street as located had remained in the exclusive possession of the defendants. The facts above recited were undisputed at the trial of the cause in the court below and were upon the argument of this appeal conceded to be true.

The deed of Emanuel Peters to George C. Barber, above referred to, primarily vested in the latter, his heirs and assigns, a title in fee simple to the land over which the southerly half of Dyer street was located, which estate was diminished by whatever was taken out of the operation of the grant by the clause of reservation hereinbefore quoted. What was the effect of the clause referred to? The intention of the parties to the deed and its legal effect must be ascertained from the words of the entire instrument, not from a single clause, and, when

the meaning is doubtful, by considering such circumstances as they are presumed to have considered. A deed or grant must be construed most strongly against the grantor, because the words are his. If the language of the instrument is clear and free from ambiguity this rule has no application. When the language making an exception or reservation in a deed is doubtful, it should be construed most favorably to the grantee : Richardson v. Clements, 89 Pa. 503 ; Clark v. Devoe, 124 N. Y. 120 ; and see opinion of President Judge RICE in Corey v. Edgewood, filed at the present term. It is manifest that it was the intention of the parties that some estate or interest in the land over which the southerly half of Dyer street was located should vest in the grantee, else it would not have been necessary to include that land within the terms of the grant, they would have made the south side of Dyer street the boundary of the land conveyed. The clause of the deed in question was not an absolute exception and reservation, out of the operation of the grant, of the land over which the street was located ; the reservation is of " the soil of the southernmost moiety of Dyer street." The reason for and purpose of the reservation is clearly indicated by the context: " The said Emanuel Peters having by a certain deed poll bearing even date herewith, but duly executed and acknowledged immediately before these presents, and intended to be forthwith recorded, dedicated and appropriated the same to public use as highways forever." In so far as the land covered by the southernmost moiety of Dyer street was concerned, this deed including the clause of reservation was a grant of the land to Barber, his heirs and assigns, in fee simple, subject to an easement for the street as a public highway. The reservation was not to the grantor and his heirs, and there remained in him no interest in the land save that which he had in common with the public, the right to use the land as a public highway. Even if it were held that the effect of the clause of reservation was to retain in Peters an estate in fee in the land over which the southern moiety of Dyer street was located, we would then have a conveyance to Barber of the land abutting on the south side of the street. Had the deed merely referred, as a matter of description in the grant, to the street located by municipal authority, but not open, such a call could not have been con-

strued to be a dedication of the street to public use: In re Opening of Brooklyn Street, 118 Pa. 640. Dedication is a matter of intention which is to be determined by a consideration of all the covenants of the grant and the circumstances under which they are made. Assuming that Barber only acquired title to the land abutting upon the south side of Dyer street and that the title to the southerly moiety of the street remained in Peters, we would then have, in this deed, a grant of land abutting upon a located street and which in express terms declared that the grantor had dedicated the street to public use as a highway. This amounts to more than a mere reference to a located street for purposes of description and of itself operates as a dedication to public use. Whether therefore the fee in this strip of land remained in Peters or passed to Barber, the land was by the covenants of this deed dedicated to public use as a highway. Barber having gone into possession of the land and those who have succeeded to his title having graded the street and thrown it open to public use as a highway, the proper city authorities entered upon the southerly moiety of the street, as thus dedicated and opened, and constructed the sewer therein, and filed this lien. This was an unequivocal acceptance of the dedication and unqualified recognition of the street as an open highway of the city: Philadelphia v. Thomas's Heirs, 152 Pa. 494.

Judgment affirmed.