## Philadelphia *v.* Peters, Appellant.

*Road law—Streets—Dedication—Mortgage—Scire facias to revive—Notice.*

When a city has entered upon a street and it becomes open and notoriously a public highway, the fact that there may have been liens upon the land which liens may have been affected by the taking of the land by the city, will not give the owners of such liens or subsequent purchasers under process issued thereon, a right to escape liability for assessments for public improvements on the ground that there had been no lawful opening.

Where an owner of land subject to a mortgage dedicates a portion of the land as a street, a purchaser of the land in proceedings under the mortgage, cannot escape liability for paving the cartway of the streets, where it appears that the street was shown on a city plot prior in date to the mortgage, and that after the dedication of the street the city graded it, subsequently widened it, and constructed a sewer within its limits.

Were a municipal lien has been filed against the estate of a deceased person, and the real owner has subsequently intervened in the proceedings, a scire facias to revive the lien is valid without service upon the real owner, or notice to him, if he has not registered himself as the owner.

Argued Oct. 14, 1915. Appeal, No. 86, Oct. T., 1915, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1897, No. 1756, M. L. D., on verdict for plaintiff in case of City of Philadelphia, to use, of Thomas Cunningham, v. Estate of Margaret A. Peters, deceased, actual and registered owner. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Scire facias sur municipal lien for paving.   Before
SULZBERGER, P. J.

.From the record it appeared that the lien in suit was
filed on September 13, 1899, against the estate of Mar-
garet A. Peters, owner and registered owner.   On No-
vember 1, 1901, Jacob A. Peters was permitted to inter-
vene in the proceedings.   He did not, however, register
himself as owner, and in subsequent proceedings to re-
vive he was not served with the writ, or given notice of
the proceedings.   Other facts are stated in the opinion
of the Superior Court.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $986.80.   De-
fendant appealed.

*Error assigned* was in directing a verdict for plaintiff.

*Walter Biddle Saul,* for appellant.—The purchaser at
a valid foreclosure sale acquires all the title, right and
interest of the mortgagor in and to the mortgaged prem-
ises, as the same existed at the date of the mortgage:
DeHaven v. Landell, 31 Pa. 120; King v. McCully, 38
Pa. 76; Bituminous Paving Co. v. McManus, 148 S. W.
621.

The lien was not properly revived: Jones v. Beale,
217 Pa. 182.

*Henry Bauer,* Assistant City Solicitor, with him
*Michael J. Ryan,* City Solicitor, for appellee.—A person
who accepts a deed with both actual and constructive
notice and knowledge of the location of a street desig-
nated for the use of different owners of a tract of which
his lot is part, takes the land subject to the easement of
such streets as were by the plan located upon it:  Wit-
man v. Smeltzer, 16 Pa. Superior Ct. 285; Jackson v.
Pittsburgh, 36 Pa. Superior Ct. 274.

The words "Estate of" under the present circum-
stances have been held to be mere "harmless superfluity"

and do not affect the validity of the lien.   See: Philadel-
phia, to use, v. Peters, 57 Pa. Superior Ct. 275, citing
Jones v. Beale, 217 Pa. 182; Reece v. Haymaker, 164
Pa. 575.

OPINION BY TREXLER, J., March 1, 1916:

This is a proceeding on a municipal lien filed for pav-
ing a cartway of Dyre street, Philadelphia.   The owner
of the property against which the lien is filed, claims
that the lien is not valid because the street, upon which
the pavement was laid is not a public highway, but is
private property.   The same question arose in the case
of Philadelphia v. Peters, 18 Pa. Superior Ct. 388.   It
appeared in that case as it does in this that Emanuel
Peters, in conveying the premises of which Dyre street
formed part, excepted and reserved the soil of the moiety
of Dyre street, plotted upon the municipal plan, and
further recited that the grantor had "by a certain deed
poll bearing even date herewith, but duly executed and
acknowledged immediately before these presents, and in-
tended to be forthwith recorded, dedicated and appropri-
ated the same to public use as a highway forever."   It
was held in that case that this recital in the deed
amounted to a dedication and that the city having ac-
cepted the street and recognized it as a public highway,
it became such, and was no longer private property.   The
defendant, however, in this case claims that he is not
bound by that decision, and that the dedication referred
to in the above case does not bind him.   Some time prior
to the deed, containing the recital above quoted, Peters,
the owner, had given a purchase-money mortgage.   This
mortgage covered among other property, the land cov-
ered by the street.   Defendant purchased the mortgage
and sold the premises described therein including Dyre
street.   He argues that the mortgage being prior to the
dedication, was unaffected by it; that the owner could
by no lawful act, impair his security.   We do not think
it necessary, however, to base the validity of the lien

upon the dedication of the street by Peters.   If we ex-
amine the chronology of events we find that as far back
as 1847 Dyre street was on the plans of the Borough of
Frankford as a forty-foot street.   In 1850 the mortgage
above referred to was given.   In 1855 Peter dedicated
it to public use.   The street appears on several plans of
the proper department of the City of Philadelphia, until
1895, when it appears as a fifty-foot street.   In 1893 the
street had been graded by the city.   In 1895 a sewer was
laid, followed by water pipes in 1896, and in 1897 curbs
and sidewalks were constructed, and the roadway was
paved.   This present claim arises out of the latter im-
provement.   The plotting of the street and these succes-
sive municipal improvements following were unequivo-
cal acts which evidenced the purpose of the city to take
the land embraced in the street for a public highway.
The passage of an ordinance is not the only way by
which a projected street may be opened.   The intention
to take the land for public purposes being manifested
by an appropriation of the land and the improvement of
it for public purposes, the right of action for damages
accrues to the landowner.   See Volkmar Street, 124 Pa.
320; Whitaker v. Phœnixville Boro., 141 Pa. 327.   This
being so, we are not concerned in this proceeding as to
whether the damages for the opening were paid.   If the
rights of the mortgagee were infringed by the taking of
the land for the street, or his security impaired, his time
for action began when the city took possession of the
land, covered by his mortgage.   He cannot stand by and
allow the city to improve the street and then urge as a
defense to the city lien that there is no street.   When
land is taken for public use, it is not the record title
that is acquired, nor is it any person's title, but the land
itself, irrespective of record or ownership.   In Pennsyl-
vania a mortgage is both in law and in equity only a
security for the payment of money and passes no title
to the land.   The mortgagor is the owner of the land:
Jackson v. Pittsburgh, 36 Pa. Superior Ct. 274.   The

purchaser at sheriff's sale stands in no better position than the mortgagee. When he purchased the mortgage, the street was already opened and used by the public; it was graded and paved. When the city has entered upon a street and it becomes open and notoriously a public highway, the fact that there may have been liens upon the land which liens may have been affected by the taking of the land by the city, will not give the owners of such liens or subsequent purchasers under process issued thereon, a right to escape liability for assessments for public improvements on the ground that there had been no lawful opening. If they have any rights that have been affected, they must seek redress in some other way. The fact that the street has been taken by the city as a public highway, gives the city the right to recover the cost of paving by assessments against the abutting properties.

The only other question that remains is, "Is a writ of scire facias to continue the lien of a claim under the Act of 1897, P. L. 420, of any effect to preserve the claim where the writ ignores the defendant?" Under the laws the owner of a property can register his ownership in the proper department and after such registration, he is entitled to notice of process. As long as he was not the "registered" owner, we see no duty devolving upon the city to direct the scire facias to him.

All the assignments of error are overruled. Judgment affirmed.