## Danner *v.* Elliott, Appellant.

*Real estate—Deeds—Boundary lines—Roads.*

A deed which recites a private lane or road as a boundary, conveys title to the middle of such road or alley.

Argued March 15, 1921. Appeal, No. 15, March T., 1921, by defendant, from judgment of C. P. York County, August T., 1919, No. 154, on verdict for plaintiff in the case of Frances I. Danner v. Fred. S. Elliott. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass for damages to real estate. Before WANNER, P. J.

The facts are stated in the following opinion of the court below overruling motion for a new trial:

This is an action of trespass for the recovery of damages from the defendant, for plowing up certain land, cutting down certain trees, and obstructing a right of way alleged to belong to the plaintiff, and the verdict of the jury was for the plaintiff for three hundred and fifty dollars.

The defendant's motions for a new trial and for judgment non obstante veredicto, may be considered together, as they are both based upon questions of law raised by the points submitted to the court at the trial of the case.

The affirmance of plaintiff's third point, and the refusal of the defendant's second, third, fourth, fifth and sixth points, are assigned for error by the defendant.

The plaintiff's and the defendant's properties are parts of a larger tract of land formerly belonging to Chauncey F. Black, and located on opposite sides of what was then a private lane leading from his residence to a public highway known as the Mill Road.

The plaintiff claims title to her tract to the middle of said road under a deed for the same from Chauncey F. Black, dated July 28, 1902, and the defendant claims title to the entire roadbed between the parties, under a deed from the executor of Chauncey F. Black, dated June 7, 1906.

The deed for the plaintiff's premises which lie on the west side of said road locates the lines of the same as extending "to the west side of Spring avenue, thence along said Spring Avenue" 338 feet to Brockie Avenue. Spring Avenue in this deed is the same road which had been described as a "private lane or road" of the grantor in the deed of June 2, 1902, from Chauncey F. Black to Guy Webster and L. G. Brown, for the tract on the east side of said road now owned by the defendant.

In each of the deeds for the tracts on opposite sides of said road now owned by the parties to this suit, there was a reservation of the right to establish and maintain "for the use of the grantor his heirs and assigns and others" a ten-foot wide sidewalk along said road over the premises therein granted.

The rule of law in Pennsylvania as to the title to the roadbed of public streets, alleys and highways which are named in deeds as boundaries of the lands described therein is well settled. It was held in Paul v. Carver, 26 Pa. 223, that where a public street or highway is called for as a boundary in a deed, it carries title to the center thereof, even though the measurement of the distance set forth in the conveyance brings the line only to the side of the street or highway. In such cases an express exception in the deed, or some clear and unequivocal declaration, or certain and immemorial usage to the contrary will be required, to limit the title to the

edge of the street. This case has been cited and followed in a long line of decisions extending down to recent rulings of both of our appellate courts on the same subject: Scholl v. Emerich, 36 Pa. Superior Ct. 409; Hobson v. Phila., 150 Pa. 596; Hamilton St., 148 Pa. 640.

The effect of this rule in a case where the deed called for the side of a street as a boundary, was expressly ruled upon in Cox v. Freedly, 33 Pa. 124, where the court said: "Deeds may expressly exclude the street, but unless they do so the implication is, from such terms as we find in this deed, that one-half of the street is included." This case is followed in Scholl v. Emerich, supra, which reviews earlier cases upon this subject in Pennsylvania and elsewhere. See also Neely v. Phila., 212 Pa. 551.

That this rule also applies in cases where the boundary fixed in the deed is a private lane, alley, or road, has been held in recent appellate court cases, vide Seccone v. West End Trust Co., 224 Pa. 554; Oliver v. Ormsby, 224 Pa. 564.

Both of these cases are cited with approval in Logan v. Smith, 71 Pa. Superior Ct. 423, though in that case, for reasons peculiar to itself and entirely different from those controlling this case, it was held that title to the middle of the road did not pass under the deed there in question.

There are many other cases that might be cited, but these and those referred to therein, will be found to be amply sufficient to establish the existence of the rule contended for by the plaintiff, and its applicability to private lanes as well as to public highways.

It may be observed also, that the rule apparently results from the fact that the street or stream named as a boundary in a deed, is technically treated as a monument, in its entirety, and that the line goes to its center.

It has also been held that this is a rule of public policy and convenience, which can therefore only be suspended by some reservation or restriction expressed in the deed,

or necessarily implied from the language used therein: Cox v. Freedly, 33 Pa. 128.

The defendant's points to the effect that the only damage sustained by the plaintiff, was the obstruction of her right of way, could not be affirmed, because the evidence showed that the bed of the road itself was plowed up, and certain trees growing within its limits, were destroyed by the defendant. These would be injuries affecting the land itself, the title to which, the plaintiff acquired under her deed, to the middle of the roadbed, and would affect the amount of damages recoverable.

No exceptions to the rulings of the court on the admissibility of evidence were insisted upon at the argument of these motions.

Now to wit, November 15, 1920: (1) Defendant's motion for a new trial is overruled and dismissed. (2) The motion for judgment for the defendant non obstante veredicto, is refused.

*Error assigned,* among others, was the decree of the court.

*James G. Glessner,* for appellant, cited: Cox v. Freedly, 33 Pa. 130; Transue v. Sell, 105 Pa. 604; Spackman v. Steidel, 88 Pa. 453; Whitaker v. Phœnixville Borough, 141 Pa. 327; Gamble v. Phila., 162 Pa. 413; Cole v. Phila., 199 Pa. 464; Clymer v. Roberts, 220 Pa. 162; Andreas v. Steigerwalt, 29 Pa. Superior Ct. 1; Scholl v. Emerich, 36 Pa. Superior Ct. 410; Fitzell v. Phila., 211 Pa. 1; Sechrist v. Dallastown Borough, 45 Pa. Superior Ct. 108; Logan v. Smith, 71 Pa. Superior Ct. 419.

*Richard E. Cochran,* and with him *George Hay Kain,* for appellee, cited: Saccone v. West End Trust Co., 224 Pa. 554; Lehigh St. (Borough of Easton's Appeal), 81* Pa. 89; In re Hamilton St., 148 Pa. 640; Manbeck v. Jones, 190 Pa. 171; Carroll v. Asbury, 28 Pa. Superior Ct. 354; Barnes v. R. R. Co., 27 Pa. Superior Ct. 84;

Higgins v. Sharon Borough, 5 Pa. Superior Ct. 92; Liquid Carbonic Co. v. Wallace, 219 Pa. 457; 2d Elliott on Roads & Streets, 3d ed., page 368.

PER CURIAM, April 18, 1921:

The opinion of the court below overruling the motion for a new trial and refusing to enter judgment non obstante veredicto, is a sufficient answer to the assignments of error filed in this case, and for the reasons therein given the judgment is affirmed.