## Cavanaugh's Petition

*Harold W. Helfrich*, for petitioners.
*Robert L. Stuart*, city solicitor, for respondent.

IOBST, P. J., May 21, 1934.—The petitioners, praying for the appointment of viewers, allege that they are the owners of two parcels of ground whereon are erected two dwelling houses, located on the south side of Chew Street, in the City of Allentown, Lehigh County; that the City of Allentown, a municipality of the third class, on September 20, 1932, passed an ordinance for the construction of house drain sewers, house connections and branches in house sewer district no. 16, and provided in said ordinance for the levy, assessment, and collection of the cost and expense thereof by an equal assessment against the abutting properties according to the front-foot rule; that said premises are within the boundaries embraced by said house sewer district no. 16; that a main sewer trench was dug on Chew Street, near the southern curb and in front of the premises of the petitioners; that on or about June 9, 1933, while the said trench was open for the orderly construction of the house drain sewer system, a severe rainstorm caused the street and the trench above described to be submerged, and, as a result of the trench construction, the water found its way from the trench into and under the premises of the said Eva B. Cavanaugh, causing the same to be undermined and to subside and sink, carrying with them a portion and part of the premises of Emma Leidner and William A. Evrard; that the subsidence, sinking, injury, and damages to the premises of the petitioners, by reason of the flow of surface waters as recited, were the direct, immediate, necessary, and unavoidable consequence of the act of the City of Allentown in the necessary construction of house drain sewers, house connections, and branches in the house sewer district above recited; that the petitioners have suffered great injury and damage, upon the amount of which damages the petitioners and the city are unable to agree.

The petition was presented to the Court of Common Pleas of Lehigh County on January 31, 1934, and viewers were appointed, the order of the court limiting the view to the premises of the petitioners.

On February 7, 1934, the city, upon its petition, was granted a rule to show cause why the petition should not be dismissed and the order appointing viewers vacated. An answer was filed, and the disposition of the rule is now the matter for our consideration.

The question to be determined is whether the petitioners are to be heard before a board of view. The solution to the problem must be found in the Constitution of the Commonwealth and the acts of assembly governing cities of the third class, the City of Allentown being a municipality of that class.

Article XVI, sec. 8, of the Constitution of 1874 reads as follows:

"Municipal and other corporations and individuals invested with the privilege of taking private property for public use shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements, which compensation shall be paid or secured before such taking, injury or destruction. The General Assembly is hereby prohibited from depriving any person of an appeal from any preliminary assessment of damages against any such corporations or individuals made by viewers or otherwise; and the amount of such damages in all cases of appeal shall on the demand of either party be determined by a jury according to the course of the common law."

Under the law as it stood at and prior to the adoption of the Constitution of 1874, the petitioners would have been without remedy at all because they allege no direct or actual taking of property. However, our present Constitution made a radical change in the law as to consequential injuries. The recited section clearly declares that when property is taken for municipal use just compensation shall be made for property injured or destroyed by the construction or enlargement of their works, highways, or improvements. Thus is afforded a remedy to one who has suffered consequential injuries by the taking: Chester County v. Brower, 117 Pa. 647; Delaware County's Appeal, 119 Pa. 159; Westmoreland Chemical & Color Co. v. Public Service Commission, 294 Pa. 451, 458; and numerous other cases that might be cited. However, in the case of Westmoreland Chemical & Color Co. v. Public Service Commission, supra, the Supreme Court says (p. 458): "We have returned to our former policy of placing the right to damages within the grant of the sovereign, and the rule is now well settled that damages for consequential injuries cannot be recovered by a property owner under the present Constitution, unless the legislature gave that right and imposed such liability on the municipality; it may determine the class of owners to which the compensation mentioned in the Constitution may be given (Donnelly v. Pub. Ser. Com. and P. R. R. Co., 268 Pa. 345; State Highway Route No. 72, 265 Pa. 369; Spang & Company v. Com., 281 Pa. 414; Hoffer v. Reading Co., supra [287 Pa. 120]; but unless the legislature, by statute, so provides, the owner is without remedy."

We must therefore examine the legislation governing municipalities of the third class to ascertain whether the legislature gave to the injured party the right to recover, and whether it imposed such liability on the municipality under the given state of facts. Before approaching that subject, it is necessary to determine what act on the part of a municipality may be termed an act of eminent domain. In the case of Jackman v. Rosenbaum Co., 263 Pa. 158, 166, our Supreme Court says: "Every act of sovereignty which, for the public welfare, adversely affects private property, whether under the right of eminent domain or otherwise, represents, in a broad sense, an exercise of police power; but, in Pennsylvania, as well as in most other jurisdictions, whenever, in the making of public improvements, real estate, or certain other kinds of private property connected therewith, are either actually appropriated or so affected as permanently to impair the value thereof (Iron City Auto Co. v. Pittsburgh, 253 Pa. 478, 493), such instances are segregated, and, for all legal purposes, in effect, classified under the head of 'Eminent Domain,' as to which there are many principles, restrictions and special constitutional rules inapplicable to police power

cases in general, not the least significant of these being the right to damages for property thus taken, injured or destroyed. . . . The present Constitution (Art. 16, Sec. 8) was the first to give a universal right to recover damages for property injured or destroyed—not actually appropriated; but the operation of this provision is confined to that variety of cases, involving the exercise of an act of sovereignty affecting property, which is classified under the head of 'Eminent Domain' ".

Referring to the Third Class City Law of June 23, 1931, P. L. 932, art. xxviii is headed "Procedure for the exercise of eminent domain and the assessment of damages and benefits by viewers." Section 2801 of that article is headed "Exercise of Eminent Domain" and provides that, in the construction of sewers and sewage systems, a city may enter upon, appropriate, take, use, occupy, injure or destroy, private lands, property, toll bridges, or material. Section 3201, referring to construction of sewers of all kinds, in its public streets or highways and over and across public and private lands or property, states: "For such purposes, the city shall have power to exercise the right of eminent domain. The damages for property taken, injured or destroyed shall be ascertained and paid as provided in this act for such proceedings."

Section 2803 provides for the right to damages against cities by owners or tenants of lands, property or material, abutting on, or through which pass, roads, etc., injured by the laying out, etc., of such roads, etc., and the construction of sewers over, upon, or through such lands or property. Section 2819, which is the section under which the petitioners have elected to proceed, provides as follows: "Except as is in this act otherwise provided, in case the compensation for damages or benefits accruing from the exercise of the right of eminent doman and/or from the erection and construction of public improvements have not been agreed upon, any court of common pleas, or any law judge thereof in vacation, on application thereto by petition by the city or any person affected, shall appoint three viewers, from the board of viewers of the county to view and ascertain the damages done and/or the benefits which have accrued by reason of the said taking, use, occupancy, or injury, or the erection and construction of public improvements," etc.

Incidentally, we might state that, although the premises in question are bounded in the deed by said Chew Street, nevertheless that provision in the deed carried with it the fee to the center of the street, on which portion of the highway the sewer trench was dug, subject to the right and easement of the city in the street for public purposes: Paul v. Carver, 26 Pa. 223; Firmstone et al., Execs., v. Spaeter, 150 Pa. 616; Danner v. Elliott, 76 Pa. Superior Ct. 350.

The injury, if any was suffered in this case, was the direct, immediate, necessary, and unavoidable consequence of the act of the city in the digging of the sewer trench in question, no negligence presently appearing to have been involved in the carrying out of the plan of sewerage construction. The rules of law governing cases of this kind may be found in the following cases: Stork v. City of Philadelphia, 195 Pa. 101; Ladd et ux. v. City of Philadelphia, 171 Pa. 485; In re Chatham Street, 191 Pa. 604; Blainesburg-West Brownsville Road, 293 Pa. 173; Fyfe v. Turtle Creek Borough, 22 Pa. Superior Ct. 292; Cooper v. Scranton City, 21 Pa. Superior Ct. 17; Hirsh v. Patrick McGovern, Inc., 100 Pa. Superior Ct. 1, 5. In the case last cited, Judge Cunningham, for the Superior Court, states: "The rule by which this question must be determined is well established. If such injuries resulted from the negligence of the municipality, or its contractor, in the performance of the work, the remedy is by an action of trespass against the municipality or the contractor, as the case may be, based

upon such negligence, but, if the injuries were the direct, immediate and necessary or unavoidable consequences of the act of eminent domain, no matter how carefully performed, the remedy is against the municipality . . . by proceedings before a board of view", citing cases.

The city further complains that all property owners within the entire compass of this municipal improvement should have been made parties to this proceeding.

The only question presently before us is the petition praying for the appointment of viewers to ascertain the injuries, if any, to the properties of the petitioners.

If the City of Allentown knows of any other properties, within the district involved, that suffered like injuries, the city may petition the court for their joinder.

### Decree

Now, May 21, 1934, the rule granted February 7, 1934, on behalf of the City of Allentown, to show cause why the petition praying for the appointment of viewers should not be dismissed and the order appointing viewers vacated, is discharged. From Edwin L. Kohler, Allentown, Pa.