## Walker et ux., Appellants, *v.* Walker

Argued April 13, 1943.  Before KELLER, P. J., BALD-RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Charles F. Uhl,* with him *Charles H. Ealy* and *Simon K. Uhl,* of *Uhl, Ealy & Uhl,* for appellants.

*Clarence L. Shaver,* with him *Daryle R. Heckman* of *Shaver & Heckman,* for appellee.

OPINION BY RHODES, J., July 16, 1943:

Plaintiffs sought, by a bill in equity, to restrain and enjoin defendant from barricading and obstructing an alley between their respective lots, or otherwise interfering with the use thereof by plaintiffs, their servants, agents, lessees, and employees, to obtain access to their land located near these lots. The real purpose of such barricade was to prevent the occupants of a lot in the rear of the lots owned by the parties (the lot in the rear being owned by plaintiffs, and to which the alley is not appurtenant) from using the alley. After an answer had been filed and a hearing held, the chancellor entered a decree nisi dismissing the bill. Plaintiffs' exceptions to the chancellor's findings of fact, conclusions of law, and decree nisi were dismissed by the court and the decree nisi was entered as the final decree. Plaintiffs then appealed.

The factual situation which gave rise to the question presented in this appeal is fully set forth in the findings of fact of the chancellor. They are printed in the margin.[1] Concerning the findings, appellants now make no complaint. The facts are not in dispute.

---

[1] "1. William J. Baer, prior to the time of the first two deeds of conveyance hereinafter mentioned, was the owner of a certain tract of land or field situate in the Township and County of Somerset, North of the then boundary line of Somerset Borough and on the West side of the Somerset and Johnstown Turnpike, containing approximately eleven acres.

"2. The said William J. Baer and wife, by their deed dated November 9, 1872, and recorded in Deed Book Vol. 50, page 37, conveyed to Elizabeth Shearer a portion of said tract of land

Based upon the findings of fact it was held that the language used in the deed from Baer to Boyts created an alley common to the lot thereby conveyed and the lot previously conveyed by Baer to Shearer for the common use and enjoyment of the owners of said lots, their heirs and assigns; that, under the language of said deed, Baer had no rights in the alley as a means of access to and from his remaining land lying west of said lots; that appellant Peter H. Walker and appellee, as successors in title to that part of each of said two lots lying immediately adjacent to said alley, have the right to the common use and enjoyment of the alley as an appurtenance to their respective lots; that appellant Peter H. Walker has no legal right to use the alley as a mode of access to the lot owned by himself and his wife to which the alley is not appurtenant; and that appellants were not entitled to the equitable

extending along said Somerset and Johnstown Turnpike for a distance of 138 feet and running back and westward of equal width for a distance of 165 feet.

"3. In the following year, the said William J. Baer and wife, by their deed dated April 1, 1873, and recorded in Deed Book Vol. 120, page 21, conveyed to William Boyts a portion of the tract of land mentioned above (1st Finding of Fact), fronting about 180 feet on the West side of said Somerset and Johnstown Turnpike and extending back and West of the same width 165 feet to lands of W. J. Baer, and bounded as follows: Bounded by said turnpike road on the East, Isaac Hugus lot on the North, W. J. Baer on the West, and 'an alley common to the lot hereby conveyed and a lot heretofore conveyed to Elizabeth Shearer on the South,' containing about one hundred and ten perches.

"4. By sundry subsequent deeds of conveyance, title to the most southern portion of the William Boyts piece or parcel of land (3rd Finding of Fact), fronting 45 feet on the West side of the Somerset and Johnstown Turnpike, and extending West of equal width for a distance of 165 feet, became vested in Peter H. Walker, one of the plaintiffs; the last of said conveyances being by deed from Nevin N. Shaulis and wife to Peter H. Walker, dated December 29, 1917, and recorded in Deed Book, Vol. 207, page 212, in which the lot thereby conveyed is described as follows:

relief prayed for and that the bill of complaint be dismissed.

Appellants' contention is that the words "an alley common to the lot hereby conveyed and a lot heretofore conveyed to Elizabeth Shearer" as used in the deed from Baer to Boyts were used only for the purpose of definitely locating the alley, and not with the intention of granting an easement to one not a party to the deed. They concede that, "as Baer was the owner of the fee of the alley when he conveyed to Boyts, and his deed called for the alley as a boundary, Boyts thereby had the use of the alley."

When, in the deed from Baer to Boyts, the lot thereby conveyed was described as bounded by the alley, grantee acquired not only the right to use the alley (*Schmidt v. Forster,* 99 Pa. Superior Ct. 545), but also the title to one-half thereof, in the absence of an ex-

'Beginning at a common corner of lot of Nelson Gerhard, deceased, and land of Harry Boyts, thence measuring south along said Johnstown Pike a distance of forty-five (45) feet to a point which is the place of beginning for the lot hereby conveyed, thence south along the Johnstown Pike for forty-five feet to an alley, thence west along said alley to land of A. H. Brugh, thence north by same a distance of forty-five feet to land of Harry W. Boyts, thence east along lands of Harry W. Boyts to a point on the Johnstown Pike, the place of beginning; said lot fronts 45 feet on the Johnstown Pike and extends back of even width to land of A. H. Brugh on the West, and is the southern part of the lot conveyed to Harry M. Boyts by William Boyts and wife, and by Harry Boyts and wife, conveyed to the present grantor, by deed dated April 3, 1917, and recorded in Deed Book, Vol. 205, page 185.'

"5. By sundry subsequent deeds of conveyance, title to the most northern portion of the Elizabeth Shearer piece or parcel of land (2nd Finding of Fact), fronting 41 feet on the Somerset and Johnstown Turnpike, and extending West of equal width for a distance of 165 feet, became vested in Willard W. Walker, the defendant; the last of said conveyances being by deed from Ida B. Tarlton and husband to Willard W. Walker, dated May 1, 1919, and recorded in Deed Book, Vol. 219, page 91, in which

pressed intention by the grantor to the contrary. *Ellis v. American Academy of Music,* 120 Pa. 608, 15 A. 494; *Saccone v. West End Trust Company,* 224 Pa. 554, 73 A. 971; *Oliver v. Ormsby,* 224 Pa. 564, 73 A. 973; *Rhoads v. Walter,* 61 Pa. Superior Ct. 43, 47. The alley being described in said deed as "common to [the Boyts lot] and a lot heretofore conveyed to Elizabeth Shearer on the south," the owner of the Shearer lot acquired equal rights. It was immaterial that there was no mention of the alley in the Shearer deed which was prior to the deed to Boyts. *Ehret v. Gunn et al.,* 166 Pa. 384, 31 A. 200.

If it was Baer's intention to retain the right to use the alley in question as a means of access to his remaining land lying west of the two lots conveyed, he could have done so by the addition of a few appropriate words. *Cf. Whitaker v. Brown,* 46 Pa. 197; *Richardson v. Clements,* 89 Pa. 503; *Kister v. Reeser,* 98 Pa. 1; *Danner v. Elliott,* 76 Pa. Superior Ct. 350. This he completely

---

the lot·thereby conveyed is described as follows: 'Beginning at a post on the west side of the pike leading from Somerset to Johnstown, at a point 28 feet from the line of the C. J. Harrison lot, thence by the residue of lot of which the lot hereby conveyed is a part, North 82 degrees West, 170 feet to a point on line of John S. Shaffer, thence by land of John S. Shaffer, North 15 degrees 40 minutes east 41 ft. to a point in an alley between lot hereby conveyed and lot of Harry Boyts, thence by a line running through said alley south 82° degrees east 167 ft. to the Johnstown Pike, thence along said pike south 11° degrees ten minutes west 41 ft. to the place of beginning. Containing 25.28 perches.'

"6. Since the creation of the alley mentioned in the deed from William J. Baer and wife to William Boyts (3rd Finding of Fact), the owners of the Shearer and Boyts pieces or parcels of land, including the plaintiff, Peter H. Walker, and the defendant, Willard W. Walker, since acquiring title to parts of each said pieces or parcels of ground (4th and 5th Findings of Fact), have had the use and enjoyment of said alley, each in common with the other, as a means of access to their respective properties; and since acquiring title to, and residence upon, their

failed to do. His deed contains no exception or reservation in that respect. Moreover, it does not even go so far as to describe the alley as being common also to other lands of the grantor. As was said by the court below: "The language of the deed was, in effect, a dedication of the ground between said two lots as an alley for the common use and enjoyment of the owners thereof, their heirs and assigns. The language used is not susceptible of any other construction."

It is a familiar rule that where the terms of a deed are doubtful, the court will adopt that construction which is most strongly in favor of the grantee and against the grantor. *Ransberry v. Brodhead's Forest and Stream Association,* 315 Pa. 513, 174 A. 97. But, as was said in *Richardson v. Clements,* supra, 89 Pa. 503, at page 505: "It is only when it is doubtful, that this rule can be applied. It has no place when the language is sufficiently clear to define the character and extent of the exception or reservation." In the present case, there is no ambiguity to be construed, and there is a total absence of any expression designed to give

respective properties, the said plaintiff and defendant have improved and maintained said alley, at their joint expense.

"7. Since the aforesaid deeds of conveyance by William J. Baer and wife to Elizabeth Shearer and William Boyts (2nd and 3rd Findings of Fact), a division or boundary-line fence has been constructed and maintained between the pieces or parcels of land thereby conveyed and the residue of the land of William J. Baer, lying west of and enclosed by said fence, which was used for pasture, cultivation and harvesting of crops raised thereon. The fence at the rear end and across the alley consisted of a gate, which was closed part of the time, and at other times it was open or lying on the ground; and at other times, barbed wires were strung across the gate-opening in the fence.

"8. Occasionally and intermittently, the owners or tenants using the land lying west of said fence would pass back and forth through the alley in controversy in hauling and removing the hay, grain or other crops raised thereon; and other persons living in the neighborhood occasionally traveled up and down through the alley, without asserting any right or authority to do so, and

the grantor Baer, or those claiming under him, any rights in the alley. We think the grantor's silence in this respect should not be construed less strongly against him than the use of some doubtful language would have been.

"Where an easement or other right is not expressed and is sought to be implied as attached to the grant of the fee, the same must clearly appear from the intention of the parties as shown by the terms of the grant, the surroundings of the property and the other res gestae of the transaction": *Fitzell v. Philadelphia,* 211 Pa. 1; at page 5, 60 A. 323, at page 325. Here the grant is silent. Since the conveyances by Baer to Shearer and Boyts the western end of the alley has at some times been fenced and at other times been closed by a gate. It has been used intermittently by the owners or tenants of the land to the west of the two lots, and occasionally by others living in the neighborhood. But appellant and appellee have improved and

---

without objection or protest on the part of the then owners of the lots on either side of the alley.

"9. By sundry conveyances, the title to the residue of the William J. Baer land lying West of said division or line fence became vested in Charles E. Schrock, who, with his wife, by their deed dated May 2, 1940, conveyed to Peter H. Walker and Sadie Walker, his wife, the plaintiffs, a certain piece or parcel thereof, which is bounded and described as follows: 'Beginning at the corner of intersection of a proposed sixteen-foot alley with a proposed street, the southeast corner of the property hereby conveyed; thence along said proposed street North 78 degrees 47 minutes West 134 feet to another proposed street; thence along said proposed street, North 11 degrees 13 minutes East 100 feet to a corner; thence South 78 degrees 47 minutes East 134 feet to a proposed alley; thence along said alley South 11 degrees 13 minutes West 100 feet to the place of beginning, and being two lots of a proposed plan or map of lots heretofore laid out by John S. Shaffer, and as shown upon map or blue print thereof attached hereto and made a part hereof.'

"10. The said last mentioned piece or parcel of land has a dwelling house erected thereon, and is occupied by tenants under

maintained the alley at their joint expense without calling upon the owners of the land to the west to contribute thereto, and have used the alley in common with each other, as a means of access to their respective properties bounding thereon. No question of necessity arises because other means of access to the lot of appellants, lying west of that which is adjacent to the alley, are afforded by the deed under which the former was acquired by them. It is not without some significance that there is nothing in the record to show what was said by Baer concerning the alley in dispute when he conveyed the land which remained after the transfers to Boyts and Shearer.

We are of the opinion that the circumstances recited raise no implication of an easement in Baer or his successors in title. Consequently, there is nothing in the grant itself or in the surrounding circumstances to support the position taken by appellants. "The right to the use of an alley or driveway is appurtenant to the abutting lot to which the easement is granted and is not personal to the owner of the lot. It may not be used by him for the benefit of other lots, etc., owned by him: *Kirkham v. Sharp,* supra [1 Wharton 323]; *Lewis v. Carstairs,* supra [6 Wharton 193]; *Schmoele v. Betz, supra* [212 Pa. 32, 61 A. 525]; *Shroder v. Brenneman,* 23 Pa. 348, 351": *Shore et al. v. Friedman et al.,* 142 Pa. Superior Ct. 373, at page 379, 16 A. 2d 727, at page 730. It follows that the court below did not err in concluding that appellants' use of the alley

the plaintiffs. The plaintiffs and their tenants intend to use the alley in controversy for the purpose of transporting coal, wood and other supplies to said premises. The defendant has protested against the use of the alley for said purposes.

"11. During the fall of the year 1941, the defendant erected a barricade across the rear or western end of the alley, by erecting posts planted in the ground and nailing boards or plank across said posts, and placed a 'no trespass' sign thereon, which has since been removed by the plaintiffs."

was limited to such purposes as related to the property to which the alley is appurtenant, and in dismissing the bill of complaint.

All the assignments of error are overruled, and the decree is affirmed at the cost of appellants.