## Leeann Corporation v. Jones

*Charles H. Davison* and *Mark E. Garber, Jr.,* for plaintiff.

*William R. Mark,* for defendants.

SHUGHART, P. J., January 28, 1972.—At the conclusion of the trial of the above case without a jury, it appeared that there were no serious questions of fact involved but that the difficulties arose in applying the facts to the legal principles. For this reason, the testimony was transcribed, briefs were filed and oral argument was had. The matter is now ripe for adjudication.

On and prior to 1946, Frank E. Hollar was the owner of a 40-acre tract of land in the eastern portion of the Borough of Shippensburg most of which tract lay south of U. S. Route 174, locally referred to as the Walnut Bottom Road. On August 23, 1946, a portion of this tract was laid out in a plan of lots known as Hallwood Heights, which plan is recorded in the office of the Recorder of Deeds of and for Cumberland County in Plan Book No. 3, page 113. The northerly-most street shown on the plan was East Orange Street and all of the lots laid out lay to the south of this street.

On March 14, 1956, Hollar conveyed to defendants in this action, Paul L. and Geraldine L. Jones, a lot of ground on the north side of Orange Street having a frontage on Orange Street of 228 feet and a depth of 190 feet. The eastern boundary of the lot was described as being Craig Avenue.* This lot of ground was not plotted on the Hallwood Heights plan but the deed stated that the conveyance was "subject to the restrictions recited on the plan of Hallwood Heights . . ." On the Hallwood Heights plan, Craig Avenue was laid out and dedicated as a street extending southwardly from Orange Street. The corner lots on each side of Craig Avenue on the south side of Orange Street had been conveyed. The plan shows a break in the north side of Orange Street indicating that an extension of Craig Avenue northwardly across Orange Street was at least considered by the developer.

There was testimony from Hollar that while the 40-acre farm was under cultivation, a farm lane extended from Walnut Bottom Road southerly in the direction of Orange Street and generally located to the east of the lot sold to Jones. It was undisputed that this lane or roadway was subsequently used· extensively as a passageway when the borough sewer

system was installed in the early 1950's. It was apparently at this time that some blacktop had been applied to the road, which blacktop or at least portions of which were in existence at the time of the trial. Hollar testified without objection that he had on several occasions offered Craig Avenue to the borough as a public street but his offer was not accepted. Additionally, he testified that he would like to have seen a street opened at this location.

A map of the Borough of Shippensburg was identified by the borough manager and offered into evidence which showed Craig Avenue running northwardly from a point south of East Orange Street to East Orange Street and thereafter was shown with dotted lines extending from Orange Street northwardly to Walnut Bottom Road. At the trial, testimony was offered that there was no alleyway running to the rear of the Jones' property or any of the other properties on the north side of Orange Street and, further, that Jones had used the roadway or lane located generally in the position referred to in his deed as Craig Avenue for ingress and egress to the rear of his lot.

On August 19, 1969, Frank Hollar conveyed to the Leeann Corporation, plaintiff in this action, a tract of land to the east of the tract conveyed to Jones. In that deed, no reference was made to Craig Avenue and the western boundary of the tract conveyed was stated to be the land of Paul Jones and his wife. In short, no reference was made to Craig Avenue.

Plaintiff has brought this action to quiet title, praying that the court decree that title to the tract of land described in the deed to plaintiff from Hollar be exclusively vested in plaintiff and that defendants have no right-of-way for passage over any portion of the land. It is conceded by defendants

that Craig Avenue has never been dedicated as a public street, but defendants contend they do have an implied right-of-way over the tract of land described as Craig Avenue to the west of their property and extending from Orange Street northwardly to the Walnut Bottom Road. The initial question posed is the determination of whether or not the deed to defendants gave them a right of easement over the land referred to in their deed as Craig Avenue.

At the outset, it is important to note that the burden of proof rests with plaintiff to establish by the fair preponderance of the evidence that defendants have no right of user over the area referred to in their deed as Craig Avenue. A careful consideration of the evidence in this case leads us to the conclusion that plaintiff has failed to meet this burden. We are not content, however, to let our decision rest on this basis.

In the case of Spackman v. Steidel, 88 Pa. 453, the court said, at page 458:

"It is settled law in this state, that when a public street or highway is called for as a boundary in a deed, the grantee takes title in fee to the middle of the street, if the grantor had title to it, and did not expressly or by clear implication reserve it: . . . Where the street called for a boundary is not a public highway, nor dedicated to public use, the grantee does not take title in fee to the centre of it, but by implication acquires an easement or right of way only over the lands: . . ."

See also Bieber v. Zeller, 421 Pa. 444; Vinso v. Mingo, 162 Pa. Superior Ct. 285; Beechwood v. Reed, 438 Pa. 178. In Hawkes v. Philadelphia, 264 Pa. 346, the court said, at page 350:

"One of the reasons advanced for the easement or implied contract of a way is that in a sale with reference to an unopened or plotted street this circum-

stance is an inducing feature held out to a purchaser. A lot located on an unopened street, whether plotted by the municipality or by the act of the owner, has a more ready sale then a lot located with no street or alley, . . ."

In the instant case, we not only have reference in the description of the deed to an avenue, but attached to the deed as it was placed on record is a plot which shows the alley as boundary. These two features, together with the expressed desire of the grantor related above, and the fact that a lane or road was in existence at the time of the conveyance, leave no room for doubt that the conveyance from Hollar to defendants gave them an implied easement over Craig Avenue.

Having determined that defendants have an easement over the land immediately to the east of their lot, we must turn to a determination of the extent of that easement.

" 'The right to the use of an alley or driveway is appurtenant to the abutting lot to which the easement is granted . . .' ": Walker v. Walker, 153 Pa. Superior Ct. 20, 27; and in Vinso v. Mingo, supra, the court said, at page 288:

" 'Where a street called for a boundary in a deed is not a highway nor dedicated to public use, the grantee does not take title in fee to the center of it, but by implication acquires an easement, or right of way over the lands. *There is in such a case, an implied covenant that there is a way corresponding with the one described in the deed, that so far as the grantor is concerned it shall be continued, and that the grantee, his heirs and assigns, shall have the benefit of it.*': Andreas v. Steigerwalt, 29 Pa. Superior Ct. 1." (Italics supplied.)

What, then, are the physical limitations on the ease-

ment granted? In this regard, we have no difficulty in deciding that the easement granted to defendants extends from Orange Street northwardly to the Walnut Bottom Road. We reach this conclusion because it is evident from the testimony that such a way had been in existence for many years, that it had been in contemplation by the grantor, and further, as stated above, the grantor had on numerous occasions attempted to have this way adopted as a street by the Borough of Shippensburg: Vinso v. Mingo, supra. Rather than have the way meander as it currently exists on the ground, we conclude that the way should run in a direct line along a projection of the eastern boundary of defendants' property to the point where it bisects the southern line of the Walnut Bottom Road.

It is clear from the evidence that Craig Avenue as it extends southwardly from East Orange Street is 60 feet wide. It is, however, at this point a public street; and while there may be some basis for concluding that the right-of-way granted to defendants by implication should be of equal width, we are of the opinion that an easement 20 feet wide will meet all of defendants' requirements.

## ORDER OF COURT

And now, January 28, 1972, for the reasons set forth in the foregoing opinion, we find in favor of defendants and against plaintiff and find that defendants have an easement over a strip of land 20 feet wide immediately adjacent to their property on the east and extending northwardly from the north side of East Orange Street to the southern side of the Walnut Bottom Road, the western boundary of the right-of-way to be a projection of the eastern boundary of plaintiff's property from Orange Street to the Walnut

Bottom Road, and the eastern boundary to be a parallel line 20 feet to the east. Costs to be paid by plaintiff.

* "BEGINNING at an iron pin on the curb line of East Orange Street at line of property of Thomas Crist; thence by land of Thomas Crist North Forty-three (43) degrees Forty-five (45) minutes West, a distance of One Hundred Ninety (190) feet to an iron pin at other land of the Grantor herein; thence by the same, North Forty-six (46) degrees Fifteen (15) minutes East, a distance of Two Hundred Twenty-eight (228) feet to an iron pin at Craig Avenue; thence by the said Avenue South Forty-three (43) degrees Forty-five (45) minutes East, a distance of One Hundred Ninety (190) feet to an iron pin at the curb line on East Orange Street; then by East Orange Street South Forty-six (46) degrees Fifteen (15) minutes West, a distance of Two Hundred Twenty-eight (228) feet to an iron pin, the place of BEGINNING."