## Mandle *v.* Gharing et al., Appellants.

*Deeds—Conveyances—Reservations—Exceptions — Construction —Intention—Oil and gas.*

1. Though apt words of reservation be used in a deed they will be construed as creating an exception, if such was the design of the parties, ascertained from the entire instrument.

2. Exceptions and reservations differ in legal effect, but in their creation there is no magic in words and if the meaning is clear either expression will operate for the purpose designed.

3. If the particular clause be construed as an exception from the grant, no words of inheritance are necessary because title to the

excepted part remains in the grantor and never passes to the grantee, but if it be construed as a reservation, words of inheritance are necessary, otherwise the right ceases at the death of the grantor, because the grantor creates the reservation to himself of some new right or thing out of the property which he has granted and which was not in existence at the time of the granting.

4. Where the owner of a tract of land conveyed the same by a deed, which, inter alia, provided "Excepting and reserving from the above all oil or gas produced from the said undivided one-fourth of the above described tract of land," the lower court properly held that the words created an exception, that the title to the oil and gas remained in the grantor and at his death vested in his residuary devisee.

Argued Sept. 27, 1916.    Appeal, No. 151, Oct. T., 1916, by defendants, from judgment of C. P. Venango Co., Jan. T., 1916, A.D. No. 2, for plaintiff on the pleadings, in case of George J. Mandle v. Elizabeth A. Gharing, Catherine Gharing, John M. Gharing, George I. Gharing and Harry Alexander. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ.    Affirmed.

Ejectment for an undivided one-fourth of a certain tract of land.    CRISWELL, P. J., filed the following opinion:

From the pleadings it appears that Godfrey Gharing was the owner of the undivided one-fourth of the land in question, and being thereof seized conveyed the same to the defendants, Elizabeth A. Gharing and Catherine Gharing, by deed bearing date the 5th day of June, 1906, in which deed, following the description of the premises, there is a clause in the language following, viz: "Excepting and reserving, however, from the above all oil or gas produced from the said undivided one-fourth of the above described piece of land." Godfrey Gharing died on or about September 16, 1913, testate, and by the terms of his will his residuary estate passed to plaintiff, including any interest in the said land which him survived, under and by virtue of the clause above quoted

from the said deed.  The defendants are in possession of the said premises operating for and producing oil therefrom and so were at the institution of this suit.  Both parties claim under Godfrey Gharing who is the admitted common source of title and the question for solution is whether any interest in the said land, not included in the transfer thereof to Elizabeth A. and Catherine Gharing, survived Godfrey Gharing and passed under the residuary clause in the will to the plaintiff.  If it did the plaintiff is entitled to recover such interest; otherwise he should recover nothing.

It is not regarded as profitable to attempt to point out or enlarge upon the distinction between an exception and a reservation in conveyances of real estate.  Counsel have done so in their briefs, citing and relying to a considerable extent upon the same cases and authorities.  In common usage the technical distinctions between them are largely disregarded and the question whether certain language imports one or the other is determined from the effect of the language used and the design and intent of the parties as gathered therefrom.  If therefrom it appears that the parties do not intend to convey the particular thing or interest to which reference is made it is an exception, and if such reference is to an interest in land owned by the grantor in fee, it is not necessary that the exception contain words of inheritance, since the estate of the grantor therein is an estate of inheritance.  If instead of an exception there be a reservation of something other and different from an inheritable interest in land, words of inheritance are necessary in order that the thing reserved may continue beyond the life of the grantor.  As to these general propositions we understand counsel agree and the question reverts to the import of the language used and under consideration.

It appears clear that such language is not apt for the creation of either an exception or reservation, but is rather that of a layman unfamiliar with such legal distinctions.  Strictly and literally construed it affords a

basis for the contention that that which was excepted and reserved was not realty in any form, or anything incident thereto, or issuing therefrom, but personalty, viz: oil or gas theretofore produced from the land, the word "produced" being used in the past tense.    This, of course, was not intended, but what was?    Godfrey Gharing was the owner of the undivided one-fourth of a tract of land and in his conveyance of the same he described it by metes and bounds as containing 54 acres, more or less. But immediately following his description of the whole he excepted and reserved something from "the above," from that which he had described.    The language used is in the present tense and that which he excepted and reserved he excepted and reserved then and it was "from" his interest in the land.    As hereinbefore indicated it was not oil or gas then or theretofore "produced," and, if not, it must have been oil or gas which might thereafter be produced from the land.    Assuming that the latter was the intention of the parties the clause differently expressed would read as follows: "Excepting and reserving" (now, June 6, 1906,) "from the above" (the undivided one-fourth of the land described) "all oil or gas which may hereafter be produced therefrom."    Such we conclude was manifestly the intention of the parties. No other construction, it is conceived, can reasonably be placed upon the language used.    He was then the owner of an interest in the oil and gas in the land or that might be produced therefrom.    This he excepted and did not convey, and the language used in noting such exception, understood as indicated, clearly expresses his intention to retain such ownership.    The ownership of the oil and gas that may be produced from a tract of land is as complete an ownership of the oil and gas therein as any one can have.    Language will not express a right and ownership superior thereto.

Language less specific and definite which in terms excepted only the profits of one-half of all the stone, coal and other minerals, was held in Weakland v. Cunning-

ham, 3 Sadler 519, to be a reservation of all the coal and minerals in place.

If Godfrey Gharing owned the one undivided fourth of the land, including the minerals, oil and gas therein, he had a right to sell the land retaining such minerals, oil and gas, and having done so no question relative to partition could arise between him and his vendees as such. Such question could arise only between him and his cotenants owning the mineral oil and gas right in the whole tract, and his conveyance did not affect or change his relations with them as such cotenants. The carving out of a separate estate in the oil and gas in land is a common occurrence in oil and gas producing fields. In Moore v. Griffin, reported in 4 L. R. A. (N. S.), p. 9477, the subject is considered and the right to do so is recognized. No Pennsylvania case holding otherwise has been cited or found.

Reference has been made to the fact that by the clause of the deed in question the exception is of all the oil or gas that may be produced, the disjunctive "or" being used instead of the conjunction "and." It is common knowledge that petroleum oil and gas are found in the same formations and that in operating for either the other is likely to be and is usually found in greater or less quantities, also, that lease agreements usually provide for such contingency by indicating the royalties to be paid on each. While "or" and "and" are not used interchangeably their strict meaning is more frequently departed from than that of other words. One may be read for the other often in deference to the context and subject-matter. To this effect there are many authorities and it is concluded that in the contemplation of the parties the word "or" was here used as "and" and the clause should be so read and construed. Any other construction would be regarded as out of harmony with common practice and understanding.

Other reasons have been suggested as supporting the contention of one or the other of the parties, but the con-

clusions indicated being regarded as controlling further discussion is regarded as unnecessary.

And now May 22, 1916, after argument and due consideration and for the reasons given, the rule for judgment in favor of the plaintiff for the interest in the land described in the writ is made absolute and it is ordered that judgment be accordingly so entered, but no process to issue on such judgment until further ordered.

The court entered judgment for plaintiff on the pleadings.   Defendant appealed.

*Error assigned,* among others, was the judgment of the court.

*Edmond C. Breene,* with him *William J. Breene,* for appellants.—The deed created no more than a reservation to the grantor for his life of the undivided one-fourth of the oil and gas produced on the land by the grantees.

The reservation without words of inheritance ends with the life of the grantee: Kister v. Reeser, 98 Pa. 1.

The difference between an exception and a reservation is well settled; an exception in a deed is something reserved out of a thing granted, which was in existence at the time of the execution of the conveyance.   It differs from a reservation which is something created or reserved out of a thing granted which had no prior existence, as an easement: Winston et al. v. Johnson, 45 N. W. Rep. 958, 960; 42 Minn. 398; Cunningham v. Knight, 1 Barb. (N. Y.) 399, 407; Smith v. Cornell University, 45 N. Y. Supp. 640, 741, 21 Misc. Rep. 220; Mitchell et al. v. Thorne, 32 N. E. Repr. 10, 12, 134 N. Y. 536, 30 Am. St. Rep. 699; Schoonmaker v. Hoyt, 25 N. Y. Supp. 337, 339, 72 Hun. 407; Myers v. Bell Tel. Co., 82 N. Y. Supp. 83, 84, 83 App. Div. 623; Inhabitants of Winthrop v. Fairbanks, 41 Me. 307, 311, 312; Randall v. Randall, 59 Me. 338, 340; Kister v. Reeser, 98 Pa. 1, 5, 42 Am. St. Rep. 608; Moffit v. Lytle et al., 30 Atl. 922, 923, 165 Pa. 173.

In order to constitute a good exception the thing excepted to must be a part of the thing granted and must be in esse at the time.   In this case the oil and gas had not been produced; it cannot, therefore, be said to have been in existence at the time of the conveyance, and the deed should be construed as creating a reservation: Sheffield Water Co. v. Elk Tanning Co., 225 Pa. 614; Riefler & Sons v. Wayne Storage Water Power Co., 232 Pa. 282; Hall v. Vernon et al., 47 W. Va. 295; Dark et al. v. Johnston et al., 55 Pa. 164; Jones v. Forest Oil Co., 194 Pa. 379; Frederick et al. v. Frederick et al., 219 Ill. 568; Finch v. Green et al., 225 Ill. 304; Ziegler et al. v. Brenneman et al., 86 N. E. Repr. 597.

*Peter M. Speer,* with him *William M. Parker* and *Judson D. Trax,* for appellee.—It is clear from the language of the deed that the grantor intended to retain the oil and gas: Weakland et al. v. Cunningham et al., 7 Atl. Repr. 148; Shoenberger v. Lyon, 7 W. & S. 184; Benson v. Miner's Bank of Pottsville, 20 Pa. 370; Caldwell v. Fulton, 31 Pa. 475; Morris v. Phaler, 1 Watts 389.

OPINION BY MR. JUSTICE MESTREZAT, January 8, 1917:

Godfrey Gharing conveyed to Elizabeth A. Gharing and Catherine Gharing the undivided one-fourth of a tract of land in Venango County, the deed containing, inter alia, the following language: "Excepting and reserving, however, from the above all oil or gas produced from the said undivided one-fourth of the above described piece of land."   The plaintiff, the residuary devisee and legatee of Godfrey Gharing, claims that the language quoted creates an exception in the deed and that the title to the oil and gas was in Gharing at the time of his death and is now vested in him by the latter's will.   The defendants, the grantees and their lessees, claim that the language creates a reservation to the grantor for life of such oil and gas as was actually produced or raised to the surface of the undivided one-fourth interest conveyed

by the deed.   This is the question in the case, and it was correctly determined by the court below in favor of the plaintiff.   We have examined with care the numerous authorities on the subject, and are not convinced that they convict the learned court of error.   It would serve no good purpose to discuss them or point out wherein some are distinguishable from others by the language used.   The clear and concise opinion filed by the learned trial judge leaves nothing that can profitably be said to sustain the judgment, which can be affirmed for the reasons so well stated in the opinion.

The real question in the case is whether the clause in question was intended to operate as an exception or a reservation of the oil and gas from the grant made by Gharing to his grantees.   Though apt words of reservation be used, says TRUNKEY, J., in Kister v. Reeser, 98 Pa. 1, 5, they will be construed as an exception, if such was the design of the parties.   In Lillibridge et al. v. Lackawanna Coal Co., 143 Pa. 293, 308, Mr. Justice GREEN says that an exception and reservation differ in legal effect, "but in their creation 'there is no magic in words,' and if the meaning is clear, either expression will operate for the purpose designed."   The technical distinction between an exception and a reservation is frequently disregarded in the ordinary use of the words, and, therefore, whether the language used, in any particular case, creates an exception or a reservation must be determined from the intention of the parties ascertained from the entire instrument.   If a particular clause be construed as an exception from the grant, no words of inheritance are necessary because title to the excepted part remains in the grantor and never passes to the grantee; but, if it be construed as a reservation, words of inheritance are necessary, otherwise the right ceases at the death of the grantor, because the grantor creates a reservation to himself of some new right or thing out of the property which he has granted, and which was not in

existence at the time of the granting: Whittaker v. Brown, 46 Pa. 197.

We think the intention of the parties to the deed was that Gharing should retain the oil and gas from the grant, and that, therefore, the clause in question created an exception and not a reservation. This was not a lease authorizing the lessee to explore and operate for oil and gas on the premises of the lessor, while he retained the fee in the land. It was not the purpose to convey the oil and gas on a royalty to be paid to the lessor. The instrument was a deed conveying in fee the land which included the oil and gas, but "excepting and reserving, however, from the above all oil or gas produced from the said undivided one-fourth of the above described piece of land." This was a reservation not of a royalty, but of all the oil and gas which could be produced on the premises. The entire estate of the oil and gas was reserved from the grant, leaving in the grantor the same title to the oil and gas as he would have in the coal and other minerals had they been reserved. No other reasonable inference, we think, can be drawn from the reservation. We are unable to see the force of the defendants' argument that the reservation clause gave the grantor during his life the oil and gas produced "at the will and expense of the grantees." This would be, in effect, the reservation of nothing, as it certainly could not be expected that the grantees would develop the territory at their own expense for the sole benefit of the grantor. Had the grantor intended by the clause in question, as claimed by defendants, simply to reserve for his life the undivided one-fourth of the oil and gas on the premises when produced or raised to the surface at the will and expense of the grantees, he would have said so in terms and would not have excepted all the oil and gas from the grants.

The judgment is affirmed.