## Luellen Estate

*James C. Bane,* for accountant.

*Robert L. Ceisler* and *Victor E. Riva,* for claimant.

MARINO, P. J., July 6, 1967.—The question before the court is the entitlement to money royalties from two gas wells on land formerly owned by decedent, Dale A. Luellen, and her husband, T. C. Luellen, in Beallsville Borough, Washington County, Pa. The said Thomas C. Luellen, husband of Dale Luellen, secured title to said tract of land by deed dated September 13,

1898, and recorded in the recorder's office of said county in deed book vol. 220, page 280. The said T. C. Luellen, in the year 1900, leased the said property to Joseph Wise, Jr. (deed book 313, page 189) for purposes of drilling and operating for oil and gas on said premises. The said lease was for a period of five years, "and from year to year thereafter, if and so long as said premises shall yield gas or oil in paying quantities". The said lease passed by assignment to the present lessee, the Manufacturers Light and Heat Company.

On February 20, 1945 (deed book 689, page 12), Thomas C. Luellen and Almyra Dale Luellen, also known as Dale Luellen, his wife, conveyed to George I. Wyels and Agnes S. Wyels, his wife, the greater portion of said tract of land in Beallsville Borough aforesaid, containing 105.328 acres. In the above-recited deed, the following reservation is contained:

"Reserving, however, to the grantors the gas royalty payments from the three gas wells now in operation on the said premises; but it is understood and agreed that all other rights, rentals and royalties under the oil and gas lease hereinafter mentioned are conveyed to the grantees herein".

The oil and gas lease referred to is that given by T. C. Luellen to Joseph Wise, Jr., aforesaid.

All parties are agreed that the lessee, Manufacturers Light and Heat Company, on March 28, 1962, after proper notice in writing, abandoned the gas well known as Well No. L-495 on said premises and discontinued payment of royalties from said well, thereby leaving only two remaining gas wells in production on the date of death of Dale A. Luellen. On July 30, 1952, the said George I. Wyels and Agnes S. Wyels, his wife, conveyed said tract of land to James J. Ries and G. Ophrelia Ries, his wife (deed book vol. 837, page 566) and thereafter, on March 30, 1966, James J. Ries died

and his wife, the claimant, became the exclusive owner of said tract of land by right of survivorship in an estate by the entireties.

Claimant contends that the said gas royalty payments, since the death of Dale Luellen, are properly payable to her and not to the estate of Dale Luellen nor to the residuary legatees named in her will. She asserts that since she is now the owner of both the land upon which the wells are drilled and of the existing oil and gas lease, she is entitled to all royalties and rentals thereunder, because the reservation of the money payments as gas royalties made by Luellen in his deed to George I. Wyels, constituted but a personal reservation and not one which would pass to his heirs, since no words of inheritance were used or included in the paragraph reciting the reservation.

It is the contention of the accountant that the so-called reservation set forth in said deed is, in reality, an exception rather than a reservation, and, therefore, no words of inheritance were necessary; and that the royalty payments now being held by the Manufacturers Light and Heat Company are due and owing to the estate of decedent and not to the claimant, Mrs. Ries.

Accountant places firm reliance on a leading Supreme Court case which has not, to our knowledge, been overruled since the date it was rendered in 1956. Said case is Silvis v. Peoples Natural Gas Company, 386 Pa. 453. The opinion for the unanimous court was written by Mr. Justice Musmanno. In that case, the court reviewed the leading cases concerning the points at issue and concluded that the reservation of the gas and oil by the deed in question, although called by the grantors a reservation, was, in reality, an exception, and that, therefore, the grantors retained an interest in themselves and their heirs without words of inheritance. The court, in that case, further stated that "the

use of the term 'reserving' does not of itself establish a finding that the reservation applies to the grantor alone. 'Although a certain degree of formality is associated with deeds of real estate, and technical expressions of established meaning are generally employed to describe the interest to be created thereby, *these are not essential*. They are but guideposts to assist in the search for the true intention of the parties, which must ultimately control' ''. (Italics supplied.)

To the same effect is Mandle v. Gharing, 256 Pa. 121 (1917), where the court said: "Though apt words of reservation be used, they will be constituted as an exception, if such was the design of the parties".

Undoubtedly the law with respect to this issue is that which was expounded by the court; the problem is the proper applicability of the holding of these cases to the facts of the case at bar. The intention of the parties must certainly prevail, but we have only the reservation as worded by the grantors, together with the remaining portion of the deed itself, to lead us in our inquiry as to exactly what was intended by the parties themselves.

We should note the technical distinction between an exception and a reservation in conveyancing. An exception operates to keep, retain and save from the effect of a conveyance, something in esse at the time of conveyance, part of the thing granted or of the land itself. A reservation is a clause of an instrument whereby the grantor, donor or lessor saves from the effect of the writing, a thing newly created, which was not in esse before, such as a rent or other interest strictly incorporeal.

It is true that conveyancers quite frequently disregard this distinction, and for that reason, whether the clause used in a particular case constitutes an exception or a reservation must be determined from the intention of the parties, ascertained from the entire

instrument. If a particular clause be construed as an exception in the instrument, *no words of inheritance are necessary*, since title to the excepted part remains in the grantor and never passes to the grantee; the part thus remaining passes to the heirs by descent, together with the rest of the grantor's interest in the land. But if such a clause be construed as a reservation, *words of inheritance are absolutely necessary;* otherwise, the right ceases at the death of the grantor. Such is the effect, since the grantor in a true reservation clause saves to himself some new right or thing out of the property which was not in existence at the time he executed the instrument: Whitaker v. Brown, 46 Pa. 197 (1863).

In Mandle v. Gharing, supra, the grantor conveyed an undivided one-fourth interest in a tract of land in Venango County. The deed contained the following language:

"Excepting and reserving, however, from the above all oil or gas produced from the said undivided one-fourth of the above described piece of land".

It was contended that the language created a reservation to the grantor, for life only, of such oil and gas as was actually produced or raised to the surface. The court, by Mr. Justice Mestrezat, rejected this contention. "We think the intention of the parties to the deed was that Gharing should retain the oil and gas from the grant, and that, therefore, the clause in question created an exception and not a reservation. This was not a lease authorizing the lessee to explore and operate for oil and gas . . . while he retained the fee in the land. It was not the purpose to convey the oil and gas on a royalty to be paid to the lessor. The instrument was a deed conveying in fee the land which included the oil and gas, . . . This was a reservation *not of a royalty,* but of all the oil and gas which could be produced on the premises. The entire estate of the

oil and gas was reserved from the grant, leaving in the grantor the same title to the oil and gas as he would have in the coal and other minerals had they been reserved".

It cannot be disputed that, by the deed of 1945, the Wyels became the fee simple owners of the land and all the minerals, including the oil and gas, subject only to the exceptions set forth in said deed, and to the lessee's rights in said oil and gas lease. All the right, title and interest of the grantors in said lease, as fee owners and lessors, were transferred to the Wyels, except the gas royalty payments from the three gas wells then in operation and producing gas royalties. Undoubtedly, the lease for oil and gas constituted an exception to the fee simple title transferred by Luellen to Wyels, and it was denominated as such in the deed. But our problem concerns only a minor facet of the entire lease, the disposition of the royalties of only three, now two, gas wells. While a reservation may embrace an entire subject matter, it may likewise be restricted to a right or interest in the particular part which it affects.

An exception has been defined as the withholding, from the operation of the deed, something existent which otherwise the deed would pass to the grantee. A reservation limits or diminishes that which the grantee otherwise would take. As stated heretofore, whether a provision in a deed is actually an exception or reservation must be determined by its context and by the intention of the parties. To ascertain such intention, the language of a deed should be interpreted in the light of the subject matter, the apparent object or purpose of the parties, and the conditions existing when it was executed: Baederwood, Inc. v. Moyer, 370 Pa. 35 (1952) ; Price v. Anderson, 358 Pa. 209 (1948). Where the terms and provisions of the deed are of doubtful import, the court will adopt a construction

which is most strongly in favor of the grantee and against the grantor: Walker v. Walker, 153 Pa. Superior Ct. 20 (1943) ; Ransberry v. Brodhead's Forest and Stream Association, 315 Pa. 513 (1934).

Accountant contends that the reservation clause in the Wyels deed is really an exception, as no new right or thing out of the property granted was created thereby. The grantors merely reserved a portion of the profits and income to themselves. Claimant urges that the clause constituted a strict and technical reservation, and having no words of perpetuity included therein, died with the grantors.

The context of the deed, and the surrounding circumstances of the parties, are of little, if any, assistance to the court in interpreting this clause. However, the terms of the oil and gas lease itself shed some light on the matter. The original lease was for a period of five years. For each producing gas well drilled by lessee, a money royalty of $350 per annum was payable to the lessor; in addition, the lessor was to receive "the full equal one-eighth part or share" of all the oil produced and recovered from any and all wells drilled thereon. It is evident that the lease is the common and usual type which provides for money royalty payments. In such a lease, the oil and gas money payments are not for the minerals in place but are payable only *when produced or raised to the surface.* Hence, when part of this royalty is reserved by the grantor, something is effected which was not in esse before. Although provision had been made for payment of royalties, they are not actually payable until the oil and gas are raised to the surface in paying quantities; and although payments had already been made to the grantors before grant of the land to Wyels, and thereafter until the death of both Mr. and Mrs. Luellen, yet each payment would be dependent upon *continued production* of the wells, and is not due until the minerals,

gas and oil, are separated from the land and raised to the surface. Hence, something new has been created, a money royalty dependent upon continuing production. It is, therefore, properly classified as a "reservation", and in order to pass this right or royalty to the heirs must necessarily have words of inheritance attached. Since none was employed, the reservation of the right to royalties ceased on the death of the grantors.

The claim of G. Orphrelia Ries is sustained; she is entitled to all money royalties for the two gas wells due after the death of Dale A. Luellen on June 5, 1966. An order for payment of sums due cannot presently be entered against the lessee, Manufacturers Light and Heat Company, as the said corporation has not been made a party to these proceedings, but proper action may be taken to safeguard such to the claimant.