## Songer v. Erickson

*Thomas E. Africa*, for plaintiff.
*Joseph A. Massa, Jr.*, for defendant.

WOLFE, *P.J.*, February 23, 1983—The parties have submitted the issue to be resolved as a case stated for declaratory relief which we have accepted in order to resolve a question of law and to prevent future litigation.

The issue to be determined is:

1. Did defendants retain any interest in the oil, gas and minerals underlying the "Fagley Farm" following the transfer of title evidenced by the deed dated July 17, 1947 and entered in Warren County Deed Book 232, Page 149 or

2. Did defendants acquire any interest in the oil, gas and minerals underlying the "Fagley Farm" by virtue of being the named legatees under the will of Theresa Fagley?

The factual background briefly stated is initially Simon S. Fagley owned 70 acres of land including the oil, gas and mineral rights being situate in the Township of Glade, Warren County. Mr. Fagley died intestate and these premises evolved to his surviving widow and six children. The mother, Emma Fagley, thereafter died devising the premises equally to the

six children. Thereafter the six children and their respective spouses conveyed the premises to two of their siblings, Theresa Fagley and Coletta H. Songer by general warranty deed stating:

"Excepting from this conveyance and the premises above described any oil or gas, or interest therein, if any, which may now be owned by parties other than the parties to this conveyance."

Thereafter Theresa Fagley and Coletta H. Songer conveyed the premises to Joseph Engel and wife but "excepting and reserving nevertheless 10 acres of land situate in the northeast corner of the 70 acre tract and excepting and reserving all of the oil, gas and minerals, and any interest therein in, on, under and upon all of the above described premises with the right of ingress, egress and regress for the purpose of mining, drilling and operating for the same . . . ."

Thereafter Theresa Fagley conveyed the aforesaid 10 acres to her sister Coletta Songer and then died. Thereafter Coletta Songer died and the parties to this action are the respective heirs or devisees of Theresa Fagley or Coletta Songer.

Plaintiffs, as the heirs of Coletta Songer, contemplate leasing the oil and gas interest of the "Fagley Farm" and the defendants claim an interest in the oil, gas and minerals thereof.

The disposition of the issue must be found in the fair import of the language utilized by the grantors in the deed of July 22, 1947 to Theresa Fagley and Coletta H. Songer as it pertains to the exceptin of the oil or gas from that conveyance. In Mantle v. Gahring, 256 Pa. 121, 100 Atl. 535 (1917) the court, in addressing an issue of the distinction between an exception and a reservation in conveyance of real estate concluded in common usage any technical difference between an exception and reservation

are largely disregarded and the question, of "whether certain language imports one or the other is determined from the effect the language and the design and intent of the parties as gathered therefrom. If therefrom it appears that the parties do not intend to convey the particular thing or interest of which reference is made it is an exception, and if such exception is to an interest in land owned by the grantor in fee, it is not necessary that the exception contain words of an inheritance, since the estate of the grantor therein is an estate of inheritance. If instead of an exception there be a reservation of something other or different from an inheritable interest in land, words of inheritance are necessary in order that the thing reserved may continue beyond the life of the grantor."

In the instant case we cannot fairly conclude the grantors were retaining any exception of the oil or gas nor by reservation creating a new right or thing out of the property granted which was not in existence at the time of the grant. The fair import of the language is that the grantors were cautious not to purport to convey any of the oil or gas that may have been theretofore excepted from the premises thereby jeopardizing their general warranty liability. Clearly the grantors did not make an exception or reservation from that conveyance. The reference is to other parties that may be the owners of the oil and gas.

We therefore conclude the deed of July 22, 1947 to theresa Fagley and Coletta H. Songer conveyed any oil and gas interest in the premises. The conveyance of Theresa Fagley and Coletta H. Songer to Joseph Engel and wife by deed dated June 22, 1950 excepted the oil and gas interests in the "Fagley Farm" and 10 acres which in turn became vested in Coletta Songer by deed of September 11, 1960 from Theresa Fagley and thence by dissolution to the intestate heirs of Coletta H. Songer plaintiffs herein.

For these reasons we enter the following

## ORDER

And now, February 23, 1983, judgment is entered in favor of plaintiffs and against defendants that defendants, their heirs, executors, administrators or assigns have no right, title or interest in and to the oil, gas and minerals or the surface thereof of land being situate in the Township of Glade, County of Warren and State of Pennsylvania bounded and described as follows:

"All that certain piece or parcel of land situate in the Township of Glade, County of Warren, and State of Pennsylvania, part of Tract Five Thousand Eight Hundred and Seventy-one (5,871), being the southeast corner thereof; BEGINNING at a post in the east line of said tract where the state road crosses said line; thence along said east line south to the southeast corner of said tract; thence along the south line of said tract west to the land formerly of Joseph Parker; thence along said Parker's land north to the state road; thence along said road to the place of beginning; containing seventy (70) acres, more or less, and,

All that certain piece or parcel of land situate in the Township, County and State aforesaid, bounded and described as follows, to-wit: BEGINNING at a post, it being the northeast corner of land formerly of F. Knupp, Warrant Five Thousand Eight Hundred and Seventy-five (5,875), Glade Township, Warren County, Pennsylvania; thence South eighty-six (86) degrees thirty (30) minutes east fifty-six and thirty-four one-hundredths (56.34) rods to a post in the east line of the warrant; thence south by said east warrant line twenty-eight and four-tenths (28.4) rods to a post; thence north eighty-six (86) degrees

thirty (30) minutes west fifty-six and thirty-four (56.34) rods to a post in the east line of said F. Knupp's land; thence north by said line twenty-eight and four-tenths (28.4) rods to the place of beginning; containing ten (10) acres of land."

Pursuant to Rule 1038(d) of Rules of Civil Procedure the parties are granted ten days after notice of filing of the within decision to file exceptions hereto and in default thereof, upon praecipe, the within judgment shall be entered by the prothonotary.